UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FLORENTINO VENEGA GUERRERO, et al., :
                                    :
            Plaintiffs,             :        No. 18-CV-4835 (OTW)
                                    :
            -against-               :        **ORDER**
                                    :
COPPER THROAT CORP., et al.,        :
                                    :
            Defendants.             :
                                    :
                                    :
---------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA") and New

York Labor Law ("NYLL"), for allegedly unpaid overtime premium pay, alleged failure to receive

spread of hours premiums, alleged violations of the applicable minimum wage laws, and for

Defendants' alleged failure to provide certain statements and notices required by the NYLL.

Following a successful settlement conference before the Court, the parties submitted their

settlement agreement to this Court for approval under *Cheeks v. Freeport Pancake House, Inc.*,

796 F.3d 199 (2d Cir. 2015). (*See* ECF 24). Plaintiff brought this action as a collective action but

reached the proposed settlement before conditional certification. All parties have consented to

my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF 22). For the reasons set

forth below, the Court approves the agreement as fair and reasonable.

**I.  Background**

Plaintiff alleges that he worked as a delivery worker at Defendants' restaurant from

December 2017 until May 16, 2018.  Plaintiff alleges that from December 2017 through May 16,

2018, he worked six days per week for 72 hours. From December 2017 until March 2018,

Defendants allegedly paid Plaintiff a fixed salary of $90 per day, regardless of the number of hours worked. Plaintiff also alleges that from March 2018 until May 16, 2018, his work hours did not change, but his daily salary increased to $95 per day.

Plaintiff alleges that he is owed $17,043.00 in back wages, $5,000 for NYLL wage notice violations, and $5,000 for NYLL wage statement violations. Plaintiff estimates that, in total, he is entitled to $49,666.72, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Defendants deny all of Plaintiff's allegations. Nevertheless, the parties have agreed to resolve the matter for $18,500, inclusive of attorneys' fees and costs, in seven installment payments as set forth in the settlement agreement.  Plaintiff would receive $12,333.33 and Plaintiff's counsel would receive $6,166.67 in fees, representing one-third of the settlement amount.

The parties reached their proposed settlement during a settlement conference before the undersigned on January 28, 2019, which was attended by Defendants, Defendants' counsel, and Plaintiff's counsel. Plaintiff did not appear but was available by phone. After lengthy discussions regarding the strengths and weaknesses of the parties' respective positions, the parties agreed to settle the matter for $18,500.

## II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The U.S. Court of Appeals for the Second Circuit has held that, "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the

district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court

will approve such a settlement if it finds it to be fair and reasonable, employing the five non-

exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will
> enable the parties to avoid anticipated burdens and expenses in establishing their
> respective claims and defenses; (3) the seriousness of the litigation risks faced by the
> parties; (4) whether the settlement agreement is the product of arm's-length bargaining
> between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of

those factors favor approval of the settlement.

### A.  Range of Recovery

First, the settlement awards Plaintiff with approximately 25% of Plaintiff's asserted

calculated actual damages, penalties, and interest. The settlement awards Plaintiff with

approximately 72% of his unpaid back wages. Given the risks of litigation, as discussed in more

detail below, the settlement amount is reasonable.

### B. Burden and Expense of Trial

Second, the settlement enables the parties to avoid the burden and expense of

presenting their credibility-dependent case to a factfinder and being subject to cross-

examination at trial. The parties dispute the number of hours worked by Plaintiff. Because

there are no records of Plaintiff's hours, the parties would have to rely on their own

recollections and the recollections of others to prove how many hours Plaintiff worked. *See*

*Yunda v. SAFI-G, Inc.*, 15-CV-8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017).

### C.  Litigation Risk

Third, the settlement will enable the Plaintiff to avoid the risks of litigation. Plaintiff

faces the risk that a fact finder may credit Defendants' witnesses' testimony that Plaintiff did

not work as many hours as he claims. Thus, whether and how much he would recover at trial is

uncertain.  *See McMahon v. Olivier Cheng Catering and Events, LLC*, 08-CV-8713, 2010 WL

2399328, at *5 (S.D.N.Y. Mar. 3, 2010).

### D.  Arm's Length Negotiation

Fourth, this settlement was reached after negotiation during a settlement conference

before the Court, and therefore, the settlement is the product of arm's-length bargaining

between experienced counsel.  Both counsel were zealous advocates for their clients at the

settlement conference. *See Medina v. Almar Sales Co., Inc.*, 16-CV-4107, 2017 WL 3447990, at

*2 (S.D.N.Y. Aug. 10, 2017).

### E.  Risk of Fraud or Collusion

Fifth, there is nothing in this record to suggest that the settlement was the product of

fraud or collusion. The fact that it was reached after a settlement conference before the Court

reinforces the settlement's legitimacy. *See Gonzales v 27 W.H. Bake, LLC*, 15-CV-4161, 2018 WL

1918623, at *3 (S.D.N.Y. Apr. 20, 2018); *Khait v. Whirlpool Corp.*, 06-CV-6381, 2009 WL

6490085, at *1 (E.D.N.Y. Oct. 1, 2009).

Additional features of the settlement favor approval. The release is limited to claims

based on Plaintiff's employment up to the effective date of the agreement, and is not

overbroad. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16,

2015). The attorneys' fee award of one-third of the settlement sum is reasonable and in

4

keeping with typical FLSA settlements in this district. *See Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.") (citing cases).

Finally, this agreement also lacks certain objectionable provisions that have doomed other proposed FLSA settlements. For instance, it contains no confidentiality provision, which would contravene the purposes of the FLSA—indeed, the document has already been publicly filed, and it does not include a restrictive non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); *Lazaro-Garcia v. Sengupta Food Servs.*, 15-CV-4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

## III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

IT IS HEREBY ORDERED THAT this action is dismissed with prejudice and without costs provided, however, that the Court retains jurisdiction pursuant to the terms of the settlement agreement. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

Dated: New York, New York
March 22, 2019

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge